IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**WILLIAM H. FRYE**                                                                         **PLAINTIFF**

**v.**                                                **CIVIL ACTION NO. 1:07cv56LG-RHW**

**JEFFERY FRYE**                                                                   **DEFENDANT**

**MEMORANDUM OPINION AND ORDER
DISMISSING THE PLAINTIFF'S COMPLAINT**

This matter is before the Court, *sua sponte*, for consideration of dismissal of this cause. The Plaintiff, William H. Frye, is incarcerated at the Harrison County Adult Detention Center, Gulfport, Mississippi. The Defendant is Jeffery Frye, a deputy at the Harrison County Detention Center. Plaintiff is seeking as relief that "charges" be brought against Defendant Frye and that the Plaintiff receive monetary damages. *Complaint* at pg.5.

Background

The Plaintiff complains that while he and three other inmates were watching television the Defendant stated "[y]all look like a bunch of monkeys sitting in a cage." *Complaint* at pg 4. According to the First Step Response Form attached to the complaint, the Defendant has been confronted by his superior about the comment. *Complaint* at p. 8.

Analysis

As required by *Haines v. Kerner*, 404 U.S. 519 (1972), this Court has liberally construed Plaintiff's allegations and has reached the following conclusion.

The provision of the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings *in forma pauperis* [IFP] and provides that

> the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on

> which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

Because the Plaintiff was granted IFP status, section 1915(e)(2) applies to the instant case. As discussed below, the Court finds the Plaintiff's instant section 1983 action is frivolous.[1]

To state a claim under section 1983, a Plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Resident Council of Allen Parkway Village v. United States Dep't of Hous. & Urban Dev.*, 980 F.2d 1043, 1050 (5th Cir.), *cert. denied*, 510 U.S. 820 (1993). This Court has determined that the Plaintiff's allegations do not rise to a level of constitutional deprivation.

The United States Court of Appeals for the Fifth Circuit has held that words spoken in an unprofessional manner do not state a claim of constitutional deprivation cognizable under 42 U.S.C. § 1983. *See McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983). The Fifth Circuit has further held that an "officer's use of a racial epithet, without harassment or some other conduct that deprives the victim of established rights, does not amount to an equal protection violation." *William v. Bramer*, 180 F.3d 699, 706 (5th Cir. 1999). Notwithstanding the defendant's insulting and denigrating statement, there are no allegations asserted which establish that the defendant violated the plaintiff's constitutional rights. Thus, this Court finds that the Plaintiff's complaint will be dismissed with prejudice.

---

[1] A case that is found to be legally frivolous is one that seeks to assert a "right" or address a "wrong" clearly not recognized by federal law. *See*, *e.g.*, *Neitzke v. Williams*, 490 U.S. 319 (1989).

Conclusion

Liberally construing this complaint, this Court has determined that the Plaintiff's allegations simply do not rise to a level of constitutional deprivation.  Consequently, the Court finds the instant complaint will be dismissed with prejudice as frivolous.  28 U.S.C. § 1915(e)(2)(B)(i).

Three-strikes

Because this case is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), it will be counted as a "strike" pursuant to 28 U.S.C. § 1915(g).  If the Plaintiff receives "three strikes" he will be denied IFP status and required to pay the full filing fee to file a civil action or appeal.

A final judgment in accordance with this memorandum opinion and order shall issue.

**SO ORDERED AND ADJUDGED** this the 11th day of February, 2007.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE